IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



CHANNEL WATERS INDEPENDENT
CLEANING SERVICES, INC., and
PRESIDENT A.H. ABORISHDA
(formerly known as Van
Lockwood),

    Plaintiffs,

v.

B.A. BLACKLEDGE, BILLY DIXON,
EUGENE COLLINS, JERRY HAMILTON,
SCOTT SULLIVAN, REGINALD
THOMAS, and JAMES SMITH,

    Defendants.

CIVIL ACTION NO.
1:04-CV-1697-JEC

### ORDER & OPINION

This case is presently before the Court on plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 [63]; Individual Capacity Federal Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 and Motion for Entry of Final Partial Judgment [65]; AND Motion to Open Default for James W. Smith [67]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Enlargement of Time as Continuance and

AO 72A
(Rev.8/82)

Thereupon Reconsideration in Part from this Motion by July 1, 2006 [63] should be **DENIED**; Individual Capacity Federal Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 and Motion for Entry of Final Partial Judgment [65] should be **GRANTED**; AND Motion to Open Default for James W. Smith [67] should be **GRANTED**.

## BACKGROUND

This case arises out of a contract for the performance of janitorial services awarded by General Services Administration ("GSA") to plaintiff, A.H. Aborishda and his company, CWI Consultants & Services a/k/a Channel Waters Independent, Contract Number GS-04P-96-EWC-0015. (Mem. in Opp'n to Pl.'s Mot. for Summ. J. (Order [62] at 2-3.) The contract was for the performance of cleaning services at the Office of Personnel Management ("OPM") office in Macon, Georgia. (*Id.*) The complete facts of this case are set forth in detail in the Court's Order of March 8, 2006. (*See id.* at 2-9.) Briefly, however, plaintiff is suing to recover damages arising out of GSA's allegedly improper termination of its services contract with plaintiff and its disposal of plaintiff's property.

**DISCUSSION**

I.  **Plaintiff's Motion for Reconsideration**

Plaintiff has moved the Court to reconsider its March 8th Order in this case. Additionally, with the words "I will need untill (*sic.*) July 1, 2006," plaintiff seems to be requesting that this Court grant him additional time to supplement his motion for reconsideration. (Mot. for Enlargement of Time, etc. ("Mot. Time") [63] at 1.) A motion for reconsideration is not an opportunity for the moving party to instruct the Court on "how it 'could have done it better' the first time." *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997)(Hull, J.). Instead, such a motion should be reserved for those limited situations where new evidence has been discovered, there has been an intervening development or change in the law, or there is a need to correct a clear error or prevent manifest injustice. *Id.*

Here, plaintiff has presented no evidence of, nor has the Court's own inquiry into the case shown, any evidence of the above. Further, though the Court sincerely regrets the passing of plaintiff's daughter, such a loss coupled with what plaintiff describes as his "present case work load involv[ing] other legal case loads proceedings and case volumes that are running concurrent" does not justify granting a nearly four-month extension from the Court's Order for the filing of supplemental briefing in support of

3

plaintiff's motion for reconsideration. (See Mot. Time at 1.) Accordingly, the Court **DENIES** plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 [63].

## II. Individual Capacity Federal Defendants' Motion for Entry of Final Partial Judgment

Also in its March 8th Order, the Court substituted the United States for the individual federal defendants named in plaintiff's suit. (See Order [62] at 16-17.) In their memorandum in opposition to plaintiff's motion for summary judgment, the individual federal defendants argued that a partial final judgment was appropriate in this case but did not expressly move for such relief under FED. R. CIV. P. 54(b).[1] (See Individual Capacity Federal Defs.' Resp. in Opp'n, etc. ("Individual Defs.' Opp'n") [65] at 4 n.5.) The individual federal defendants now move for the entry of a final judgment on plaintiff's claims against them. (Id. at 6.) Because the Court finds no just reason to delay the entry of a final judgment on plaintiff's claims in favor of the individual federal defendants, the

---

[1] In relevant part Fed. R. Civ. P. 54(b) provides, "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Court **GRANTS** Individual Capacity Federal Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 and Motion for Entry of Final Partial Judgment [65]. The Court hereby expressly directs the entry of such judgment.

### III. Motion to Open Default for James W. Smith

Finally, defendant James W. Smith moves this Court pursuant to FED. R. CIV. P. 55 to open any default judgment that may have been entered against him.[2] (Br. in Supp. of Mot. to Open Default for James W. Smith ("Default") [67] at 1.) Though plaintiff moved several times for the entry of default against defendant Smith, no such default judgment was ever entered. (*See* Docket Entries Nos. 8, 10, 22, 23, 30, 39, 44, 62.)

Defendant Smith once worked for plaintiff, d/b/a Channel Waters, as an independent contractor, helping to clean the OPM facility. (Order [62] at 21.) Then, sometime after plaintiff's contract to clean the OPM facility was terminated, defendant Smith, d/b/a Smith's Janitorial Service, was awarded a contract by GSA to clean the OPM facility. (*Id.*) Plaintiff claims that the OPM cleaning contract was wrongfully diverted from him to defendant Smith. (*Id.*)

---

[2] In relevant part FED. R. CIV. P. 55(c) provides, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In its March 8th Order the Court indicated that, though apparently served, defendant Smith had filed no answer or other dispositive pleading. (*Id.* at 24.) In his brief in support of his motion to open default judgment defendant Smith now explains that he failed to respond because the "Complaint" served upon him in June or July of 2004 was entitled "Motion for Summary Judgment," such that defendant Smith did not recognize the documents as a new federal lawsuit. Instead, defendant Smith took plaintiff's "Motion for Summary Judgment" to be a continuation of a lawsuit filed by plaintiff against defendant Smith in the State Court of Fulton County. (Default at 2.)

As defendant Smith contends, plaintiff's first filing in this case was styled "Motion for Summary Judgment." (*See* Order [62] at 8 n.9.) Like plaintiff, until now, defendant Smith was not represented by counsel. Accordingly, the confusion accompanying service of a "Motion for Summary Judgment" as the pleading initiating a case is not surprising. The Court finds defendant Smith's failure to respond to be the consequence of excusable neglect. The Court, thus, **GRANTS** Motion to Open Default for James W. Smith [67] in that such motion asks that defendant Smith be permitted to file a responsive pleading and seek dismissal of the claims against him by way of a dispositive motion. Defendant Smith has **thirty (30) days** from the date of this Order to file his response.

6

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 [63]; **GRANTS** Individual Capacity Federal Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of Time as Continuance and Thereupon Reconsideration in Part from this Motion by July 1, 2006 and Motion for Entry of Final Partial Judgment [65]; AND **GRANTS** Motion to Open Default for James W. Smith [67].

SO ORDERED, this  19  day of June, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)